UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD T. FORD, )<br>6 Westcot Place, )<br>Falmouth, VA 22405 ) | **FILED**<br>MAR 2 4 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br>Civil Action Number: |
| Plaintiff, ) | |
| v. ) | |
| DR. DONALD C. WINTER, )<br>SECRETARY OF THE NAVY, )<br>1000 Navy Pentagon )<br>Washington, D.C. 20350-1000 ) | Case: 1:08-cv-00507<br>Assigned To : Robertson, James<br>Assign. Date : 3/24/2008<br>Description: Employ. Discrim.<br><br>JURY ACTION |
| Serve:  Dr. Donald C. Winter )<br>         1000 Navy Pentagon )<br>         Washington, D.C. 20350-1000 ) | |
| Jeffrey A. Taylor )<br>Office of the United States Attorney )<br>Attention: Civil Process Clerk )<br>501 3rd Street, N.W. )<br>4th Floor )<br>Washington, D.C. 20001 ) | |
| Michael B. Mukasey )<br>United States Attorney General )<br>c/o Department of Justice )<br>950 Pennsylvania Avenue, N.W. )<br>Room B-103 )<br>Washington, D.C. 20530-0001 ) | |
| Defendant. ) | |

**COMPLAINT**

1. This is an action against Dr. Donald C. Winter, Secretary of the Navy, in his official capacity for monetary damages and equitable relief for injuries Plaintiff Richard T. Ford sustained as a result of the Defendant's discriminatory decision not to select Mr. Ford for the position of General Engineer GS-0801-14 vacancy announcement

1

DON0801 and because of Navy's refusal to select Mr. Ford for any of the positions for which he was qualified on the Navy's internet job site and/or because operation of the job site has a disparate impact on older workers, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a *et seq.* ("ADEA").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 633a(c), and 42 U.S.C. § 2000e-16(c). Venue is appropriate because all the discriminatory acts occurred in the District of Columbia and/or because the position for which Plaintiff was rejected would have required him to work in the District of Columbia.

3.  Plaintiff has exhausted his administrative remedies in that he is filing this lawsuit within 90 days of his receipt of the Final Agency Decision. 29 C.F.R. § 1614.407.

## PARTIES

4.  Mr. Ford resides at 6 Westcot Place, Falmouth VA 22405. Since 1994, he has been employed as a Staff Consultant, Naval Research Laboratory, NP IV, which is equivalent to a GS-14 or 15. Mr. Ford has been in the Federal Service for over 40 years.

5.  Defendant Dr. Donald C. Winter is the Secretary of the Navy. He is being sued in his official capacity. His business address is 1000 Navy Pentagon Washington, D.C. 20350-1000.

## FACTS

6.  Mr. Ford's date of birth is December 21, 1940.

7.  Mr. Ford is an engineer by education and training having graduated from Northeastern University.

8. In his current position and at the time of the selection at issue, Mr. Ford is on the Radar Division staff as a consultant in the field of electromagnetic compatibility and electromagnetic environmental effects (E3). He had held that position since February 2005. During the period from 1994 to 2006, Mr. Ford led ground breaking research efforts in Ships System development, addressing major new ships systems, their integration and the challenges of cutting edge shipboard topside design. His work had special focus on E3 issues.

9. In order to serve his country more effectively, Mr. Ford submitted his resume to the Navy's on-line job site called Resumix (also known as "jobs, jobs, jobs"). During a period of several months, Mr. Ford's resume was not selected by any organizations within the Navy for consideration for available engineering positions.

10. In or about January, 2006, Mr. Ford learned that the Engineer position that held the responsibility for the operation of Shipboard Electromagnetic Compatibility Improvement Program (SEMCIP) and for being the Navy's technical warrant holder for Electromagnetic Effects was available.

11. The General Engineer position with the announcement number DON0801 was located within NAVSEA, Warfare Systems Engineering Directorate (SEA 06), Office of Force Test, Assessment and Readiness Engineering Division Systems, Washington Navy Yard, DC.

12. NAVSEA described this position as follows:

This position is located within the Office of Force Test, Assessment and Readiness Engineering, (SEA62). The incumbent will serve as authoritative technical expert and lead engineer for ensuring Battle Force Electromagnetic Environmental Effects (E3) interoperability and readiness. The incumbent is responsible for (1) developing, establishing, implementing and maintaining processes and procedures for the correction/mitigation of BF and platform and identify E3 issues (2) manage the Shipboard Electromagnetic Compatibility Improvement Program (SEMCIP) and E3 processes to support system Program Managers (PMs), Ship Program Managers (SPMs) and the Fleet in the assessment of E3 readiness and performance from a battle force mission perspective (3)

3

provide E3 integration requirements for ship mission systems and warfare mission systems alterations for all surface ships and submarines. The incumbent provides technical and programmatic advice and guidance to program mangers, project engineers and other Naval activity personnel involved in BFI initiatives in regard to planning, designing, integrating, procurement, installation, certifying and reporting interoperability and readiness status for Battle Force deployments. The Battle Force E3 Engineer represents SEA 06/NAVSEA in regard to significant Battle Force Engineering issues at conferences, with other commands, Agencies and speaks for the Systems Command or activity head on decisions affecting broad aspects of Navy and DOD wide Battle Force interoperability and readiness.

13. The selectee for the position would have become the Technical Warrant Holder for the Navy on E3 technology. Technical Warrant Holder (TWH) was a relatively new term/title that the Navy created to try to assure that engineers representing the Navy in technical matters were best qualified and recognized as such by the technical community. Hence, to be a competent and credible TWH in E3, a candidate should have a broad experience in most, if not all, of the sub-fields of E3.

14. Should they decide to do consulting work, persons who held the title Technical Warrant Holder traditionally earn much higher fees for their consulting work than those persons who were not Technical Warrant Holders.

15. Mr. Ford was one of five engineers who together both created and built SEMCIP in the 1970s. By 1980 SEMCIP had grown to be a $20 million dollar a year program addressing EMC problems on as many as 100 ships per year. During the high point of SEMCIP activity, Mr. Ford was spending 150 to 160 days a year on ships, evaluating and correcting the Navy's radar related EMC problems. Mr. Ford also led efforts to establish the SEMCIP's Electronic Warfare team and the below Decks Team. He also served as the Associate Program Head of SEMCIP at NAVSHIP (now called NAVSEA) for two years.

16. Despite this experience, it appears that Mr. Ford's resume was not initially pulled for an interview.

17. Becoming very concerned when the posted job closing date approached, Mr. Ford directly inquired with Human Resources as to the status and availability of the position. It was only at this point that Personnel from Human Resources assured Mr. Ford that his resume would be pulled for the position.

18. Subsequently, Mr. Ford was selected as a qualified candidate for the position and was one of three people interviewed.

19. Mr. Ford was interviewed by two individuals.

20. Near the end of what turned out to be a seventy minute interview, one of the interviewers, Paul Mann, stood up shook Mr. Ford's hand and assured him that he had the job.

21. After the interview, and, based on the fact that he had been assured that he had the position, Mr. Ford began to tell associates that he would be leaving his current post to take the position at issue. Mr. Ford also began to transition his current work.

22. Shortly thereafter, Mr. Ford was advised by Vance Barhosky, the other interviewer, that he would not, in fact, be getting the position.

23. Defendant selected a substantially younger person for the NAVSEA position. This individual was nearly twenty five years younger than Mr. Ford.

24. The date of birth for the individual who was selected is 2/17/65.

25. Mr. Ford was interviewed after the person whom the Defendant selected for the interview.

26. Defendant did not score the applicants during or after the interviews.

27. The interviews were subjective.

28. When Mr. Ford enquired as to the reason for his rejection, he was advised, among other things, that he did not have enough "topside" design experience.

29. This was not a legitimate reason to reject Mr. Ford as he had extensive "topside" (i.e. the ship's topside) E3 experience. Mr. Ford had significantly more topside experience that the individual who was selected.

30. Mr. Ford has worked in the E3 Field for decades and he had experience in all types of E3 technology including HERO (Hazards of Electromagnetic Radiation to Ordnance, HERF (Hazards of Electromagnetic Radiation to Fuel), HERP (Hazards or Electromagnetic Radiation to Personnel, often called RADHAZ), ESD (Electro-Static Discharge), Lightning effects, EMI (electromagnetic interference), EMC (electromagnetic compatibility), EMP (Electromagnetic Pulse), and P-Static (precipitation static). During the period from 1966 to 2006, Mr. Ford accomplished significant work and gained significant experience in all areas of E3. Mr. Ford's test experience involved anechoic, shielded room, TEM, open site and Mode Stirred testing addressing nearly all of the E3 test disciplines.

31. Mr. Ford is a leading E3 expert within the Naval community.

32. Mr. Ford has direct E3 experience on all three Navy platforms, Ships, Aircrafts and Submarines.

33. For over a decade Mr. Ford led teams on ship for Shipboard Electromagnetic Compatibility Improvement Program (SEMCIP) testing. For example, Mr. Ford represented the Navy's interests during the study phases and development of new ship's systems topside designs for both the DD-963 Class and FFG-7 Class ships.

34. By contrast, the individual selected, had about a year of limited ship testing addressing only below decks mode-stirred testing issues. He had no top-side experience. The expertise of the individual selected was limited to Mode stirred/reverberation chamber testing, which is a very small segment of the E3 knowledge domain.

35. Defendant did not select Mr. Ford because of his age.

36. Similarly, Defendant has not selected Mr. Ford for other positions to which he would be qualified and that were listed in the Resumix system because of his age. These positions were in the categories of electrical engineer, electronics engineer and general engineer.

37. In the alternative, the Resumix system has a disparate impact on persons over 40 years of age including, but not limited to Mr. Ford. The manner in which the resumix system is operated causes a disproportionate number of employees age 40 and above to not be selected for interviews that will lead to jobs. For example, the system allows hiring officials to anonymously and without accountability review resumes and reject those from persons who appear to be over 40 years of age.

38. Defendant's operation of the resumix system had the consequence of causing a statistically significant number of employees, age 40 and above, to not being selected for positions and thus the resumix system and the operation of the system had a disparate impact on employees age 40 and above in violation of the ADEA.

**COUNT I**
**The Age Discrimination in Employment Act**
**Age Discrimination in Non-Selection**

39. Plaintiff incorporates herein each and every allegation stated above.

40. Defendant discriminated against Mr. Ford on the basis of his age when Defendant did not select him for the General Engineer position GS-0801-14 vacancy announcement DON0801 in violation of The Age Discrimination in Employment Act, 29 USCA § 633a, et seq.

41. Defendant discriminated against Mr. Ford on the basis of his age by operation of its resumix job search site in that Defendant consciously did not select

7

41. Defendant discriminated against Mr. Ford on the basis of his age by operation of its resumix job search site in that Defendant consciously did not select individuals who were substantially older than 40 years of age, or, in the alternative, operation of the job site had a disparate impact on persons who were over the age of 40.

42. As a result of Defendant's discrimination, Mr. Ford's earning potential and career enhancement has been damaged. For example, because he did not obtain the technical warrant holder position, Mr. Ford will not be able to command higher consulting fees either during his employment or after his employment has ended. In addition, as a result of Defendant's actions Mr. Ford has lost the opportunity to serve his country in the important role of head of SEMCIP.

**WHEREFORE**, Plaintiff requests judgment against the Defendant as follows:

a. Award him the General Engineer GS-0801-14 DON0801 position along with the Technical Warrant Holder title retroactive to March 2006 or to an equivalent position, with full back pay and all related benefits, including but not limited to lost consulting fees and liquidated damages;

b. enjoin defendant from engaging in age discrimination and from retaliating against plaintiff for pursuing this action;

c. award him costs and reasonable attorney's fees incurred in this action and the administrative claims that necessarily preceded it;

d. Pre-judgment interest;

e. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                      Respectfully submitted,

                                      Michael G. Kane, Bar No. 435121
                                      David R. Cashdan, Bar No. 051342
                                      CASHDAN & KANE, PLLC
                                      1150 Connecticut Avenue, N.W.
                                      Suite 900
                                      Washington, D.C. 20036-4104
                                      Tel. (202) 862-4330
                                      Fax. (202) 862-4331

                                      Attorneys for Plaintiff
Dated: March 24, 2008              *Richard T. Ford*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

### I (a) PLAINTIFFS
Richard Ford

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88858
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael Kane + David Cashdan
Cashdan Kane PLLC
1150 Connecticut Ave NW #700 W.DC 20036

### DEFENDANTS
Dr. Donald Winter, Secretary Navy
1000 Navy Pentagon Wash DC 20350-1000

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATT
Case: 1:08-cv-00507
Assigned To : Robertson, James
Assign. Date : 3/24/2008
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☒ | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

③

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities- Employment<br>☐ 446 Americans w/Disabilities- Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. 2000(e) et seq

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint  **JURY DEMAND** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)  ☐ YES  ☐ NO  If yes, please complete related case form.

DATE 3/24/08   SIGNATURE OF ATTORNEY OF RECORD  [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

I:\forms\js-44.wpd

RECEIVED
MAR 2 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT