UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD T. FORD,            )
                            )
    Plaintiff,               )
                            )
    v.                      )   Civil Action No. 1:08-cv-00507
                            )
DR. DONALD C. WINTER,        )
SECRETARY OF THE NAVY,       )
                            )
    Defendant.              )

## ANSWER

COMES NOW, Defendant, Donald Winter, in his official capacity as Secretary of the United States Navy, by and through counsel, the United States Attorney for the District of Columbia and answers the complaint in the above-styled action as follows:

## FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff makes allegations or asserts claims in this Complaint that were not timely asserted, Plaintiff has failed to exhaust his administrative remedies.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

1

THIRD AFFIRMATIVE DEFENSE

Defendant denies any discrimination against Plaintiff, but asserts that, regardless of any such claimed motivations, it would have taken the same actions challenged by Plaintiff.

Defendant further answers the numbered paragraphs of Plaintiff's Complaint by denying the allegations contained therein except as expressly admitted as follows:

1. This paragraph contains Plaintiff's characterization for which no response is necessary.

2. This paragraph contains Plaintiff's statement of jurisdiction, not allegations of fact to which a response is necessary.  To the extent it is deemed required, Defendant denies jurisdiction and venue are proper for any claims that were not timely asserted at the administrative level.

3. This paragraph constitutes conclusions of law, not allegations of fact for which a response is necessary.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Defendant admits that Plaintiff's current position is as a consultant to the Navy Research Lab.  Defendant is without knowledge to admit or deny the remainder of the allegations.

9. Defendant admits only that Plaintiff submitted his resume to RESUMIX. Defendant is without knowledge to admit or deny if he did so in order to serve his country more effectively. Deny that Plaintiff's resume was not selected by any organizations within the Navy for consideration for available engineering positions.

10. Defendant is without knowledge to admit or deny.

11. Admit.

12. Admit.

13. Deny.

14. Defendant is without knowledge to admit or deny whether persons who hold the title of Technical Warrant Holder traditionally earn much higher fees for their consulting work than persons who are not Technical Warrant Holders.

15. Defendant is without knowledge to admit or deny any of the allegations contained herein.

16. Deny.

17. Defendant is without knowledge to admit or deny any of the allegations contained herein.

18. Deny, except to admit that Plaintiff's name appeared on a certificate of persons eligible for consideration for the position and was one of three people eventually interviewed for the position.

19. Deny.

20. Deny, except to admit that the interview was long.

21. Defendant is without knowledge to admit or deny.

22. Admit that Mr. Brahosky informed Plaintiff that he had been non-selected for the position.

23. Admit.

24. Admit that the selectee's date of birth is in February of 1965.

25. Admit that plaintiff was interviewed by the interview panel after the selectee was interviewed.

26. Admit, to the extent that Defendant does not understand what is meant by the term "scoring." In this particular case, no scores were assigned to the candidates by the panel members. The panel members rated the candidates after all of the interviews had been conducted.

27. Deny.

28. Deny, except to admit that plaintiff's relative lack of topside (design) integration experience was a factor in his non-selection.

29. Deny.

30. Admit that plaintiff's resume indicates that he has the experience detailed in this paragraph. Defendant is without knowledge to admit or deny whether Plaintiff accomplished significant work or gained significant experience in all areas of E3 between 1966 and 2006.

31. Defendant is without knowledge to admit or deny.

32. Deny, except to admit that plaintiff's resume reflects E3 experience.

33. Defendant is without knowledge to admit or deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Defendant herein realleges his responses to paragraphs 1 through 38 and denies the allegations of this paragraph.

40. This paragraph contains plaintiff's conclusions of law to which no response is required.  To the extent an answer is required, deny.

41.  This paragraph contains plaintiff's conclusions of law to which no response is required.  To the extent an answer is required, deny.

42.  This paragraph contains plaintiff's conclusions of law to which no response is required.  To the extent an answer is required, deny.

43. The remainder of the Complaint consists of a prayer for relief to which no response is required.  To the extent, however, that a response might be necessary, the defendant denies

that the Plaintiff is entitled to any relief whatsoever. Answering further the Complaint in this matter, Defendant denies each and every allegation not previously admitted, denied or otherwise qualified.

Plaintiff is not entitled to a jury trial.

WHEREFORE, having fully answered, Defendant prays that this Complaint be dismissed with prejudice, and that the Court grant such other further relief as may be just and appropriate.

Respectfully submitted,

_____/s/_____
Jeffrey A. Taylor, D.C. Bar #498610
United Sates Attorney

_____/s/_____
Rudolph Contreras, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
Christian A. Natiello, D.C. Bar #473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338