UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RICHARD T. FORD,**<br><br>　　　Plaintiff,<br>　　v.<br><br>**DR. DONALD C. WINTER**<br>**Secretary of the Army**<br>　　　Defendant. | )<br>)<br>) CA No.: 1:08-CV-00507 (JR)<br>) Initial Conf.: 7/1/08, 11 AM<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MEET AND CONFER STATEMENT

Plaintiff Richard T. Ford and Defendant Dr. Donald C. Winter, Secretary of the Army, by and through their respective undersigned counsel, submit the following Proposed Discovery Plan in accordance with FRCP Rule 26(f) and Rule 16.3 LCvR. Counsel for Plaintiff and Defendant met by telephone on June 26, 2008 and discussed the following issues:

(1) <u>Dispositive Motions</u>. The parties disagree as to whether this case will be disposed of by dispositive motion. Defendant anticipates that it will file a dispositive motion after discovery. Defendant believes that the case will be successfully disposed of on motion.

(2) <u>Joinder, Amendment and Narrowing</u>. The Plaintiff does not anticipate that any other parties will be joined and does not, absent any additional facts produced during discovery, anticipate the filing of any amended pleadings. The parties agree that such amendment to pleadings, joinder of the parties, and/or narrowing any of the legal issues set forth in the complaint will occur no later than 30 days after the entry of the Court's Scheduling Order.

(3) <u>Magistrate Judge</u>.  The parties do not want the case assigned to a magistrate judge for any or all purposes.

(4) <u>Possibility of Settlement</u>.  The parties are unable to state at this point in time whether this matter may be settled.

(5) <u>Alternative Dispute Resolution.</u>  The parties do not wish to utilize alternative dispute resolution at this time.  The parties are willing to revisit the possibility of ADR at the conclusion of discovery.

(6) <u>Timing of Dispositive/Cross Motions</u>.  The parties have agreed to file all dispositive motions and/or cross motions forty (40) days after discovery concludes.  At this time, the parties do not anticipate the need to change the time for oppositions and replies contained in the Federal and Local rules.

(7) <u>Initial Disclosures</u>.  The parties have agreed to dispense with initial disclosures.

(8) <u>Anticipated Discovery</u>.  The parties agree that all factual discovery will close 150 days after the entry of the Court's Scheduling Order.  Plaintiff proposes that there be no alteration to the Federal Rules of Civil Procedure regarding discovery at this time.  Defendant requests that requests for admission be limited to 25.

(9) <u>Exchange of Expert Reports.</u>  Plaintiff will produce his expert reports within 60 days of entry of the Court's Scheduling Order.  Defendant's expert reports will be due 30 days thereafter.  The parties agree that experts must be deposed by the close of discovery.

(10) <u>Class action issues.</u>  Not applicable.

(11) <u>Bifurcation</u>.  The parties do not request bifurcation of any trial.

(12) <u>Scheduling Conference and Trial Dates</u>.  The parties propose that the pretrial conference take place 30 days after the Court's ruling on any and all dispositive motion(s).  The parties recommend that the Court set the trial date at the pretrial conference.

(13) <u>Other Matters</u>.  Except for the matters provided in Number 8 above, the parties have no other matters that warrant the Court's attention.

Respectfully submitted this the 27th day of June 2008,

_____/s/_____
Michael G. Kane, Bar No. 435288
David R. Cashdan, Bar No. 051342
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4129
Tel. (202) 862-4330
Fax. (202) 862-4331

*Counsel for Plaintiff*

_____/s/_____
Christian A. Natiello, D.C. Bar #473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C. 20530
202-307-0338

*Counsel for Defendant*

3