## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

_____

**RICHARD T. FORD,**                               )
                                                   )
                                                   )  CA No.:  1:08-CV-00507 (JR)
    Plaintiff,                    )
    v.                            )
                                                   )
**DR. DONALD C. WINTER**                           )
**Secretary of the Navy**                          )
    Defendant.                    )
_____  )

### JOINT MOTION FOR EXTENSION OF THE DISCOVERY PERIOD AND RESETTING OF COURT DATES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Plaintiff, Richard T. Ford, and Defendant Dr. Donald C. Winter, Secretary of the Navy, jointly move the Court for an order extending the time in which the parties may engage in discovery and a resetting of the current court dates.  In support of this motion, the parties state as follows.

The parties are jointly requesting a 60 day extension of the current 45 day discovery period, which expired Friday August 15.  The parties had previously made this request on August 14, 2008 via e-mail.  Per direction of the Court the parties are now filing this formal motion.

This request will effect the current pre-trial date of September 18, 2008 and the trial date of October 1, 2008.

At the Scheduling Conference the Court ordered discovery to close within 45 days, which was August 15, 2008.  The parties promptly began engaging in discovery in an effort to meet this deadline.  Both parties exchanged interrogatories and document requests within a week of our initial scheduling conference.

Defendant has served responses. Plaintiff has issues with some of these responses, *e.g.* relevant performance evaluations were not produced and the memo providing the reasons why Mr. Johnson was selected over Mr. Ford is, apparently, missing. But Plaintiff will not have time to address these concerns and resolve them and/or file a motion to compel, within the current discovery period.

Plaintiff has produced documents and his responses to interrogatories will be provided in the next day or two. Nonetheless, Defendant already has taken the deposition of plaintiff albeit without responses to interrogatories. The current discovery period does not allow for Defendant to address any concerns that it may have with Plaintiff's responses and/or file a motion to compel.

Following receipt of Defendant's responses, Plaintiff immediately scheduled and took four depositions in the past week (August 6 – 13).

Not all of the witnesses were available. For example, Paul Mann, who was on the interview panel that interviewed Plaintiff, is currently overseas in Iraq and Afghanistan. It will be impossible to depose him in the current discovery period.

The recent depositions Plaintiff took have raised additional issues that Plaintiff needs to explore with additional discovery. For example, Plaintiff was under the assumption that the position, for which he applied, the so-called 62E position, included the technical warrant holder (TWH) title and presumed that his interview included consideration for both the 62E position as well as designation for the TWH title. (TWH is the authorized technical representative for the Navy on E3 technology and the 62E position required that the incumbent be the authorized technical expert on E3 technology.) Deposition testimony, however, suggested that Defendant selected the

substantially younger Mark Johnson for both the 62E position and the TWH title but in two different processes and that Defendant did not afford Mr. Ford the opportunity to be heard on the TWH process. This suggests that Defendant may have provided Mr. Johnson with an advantage, *i.e.* it made him the TWH either shortly before or shortly after the 62E selection, which then made his selection for the 62E position a *fait accompli*. The TWH title is an important part of Plaintiff's case as it is a prestigious designation that may lead to higher consulting fees, and the issues surrounding it need to be fully explored. As a result of this new information, Plaintiff needs the opportunity to propound a second set of discovery. Anything less than 30 days would not be sufficient as any additional interrogatories and document requests would have a response time of 30 days. As such there would not be enough time to digest the information produced and/or notice depositions based on those responses. It is entirely possible that Plaintiff would need to take additional depositions based on these responses. Plaintiff may also need to take a 30-b-6 on the TWH issue. None of this is possible in the current discovery period.

In addition, all of the parties have scheduling conflicts in the next 30 days. Plaintiff is on vacation the week of August 18, Mr. Kane is on vacation the week of August 25, Mr. Cashdan has a one week vacation in September, Ms. Birdoff has a vacation planned for late September, and it is unknown when Mr. Mann will return from Iraq and Afghanistan.

The parties believe that this information satisfies the "for cause" requirement of Fed. R. Civ. Proc. 6(b) for an extension of the time period for discovery. *Whitney v. United States*, 2008 U.S. Dist. LEXIS 44012 (D.D.C. June 6, 2008).

In summary, the parties have been very active in this case to date. Still, there are issues in the case that simply cannot be addressed given the Court's current scheduling constraints. Based on the foregoing the parties jointly propose the following dates: Discovery close on October 15; dispositive motions due on October 31; Pre-trial the week of November 17 and Trial the week of December 16.

A proposed order is attached hereto.

Respectfully submitted,

_____/s/_____
David R. Cashdan, Bar No. 051342
Michael G. Kane, Bar No. 435121
CASHDAN & KANE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036-4104
Tel. (202) 862-4330
Fax. (202) 862-4331

*Attorneys for Plaintiff*

_____/s/_____
Christian A. Natiello, D.C. Bar
#473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C. 20530
202-307-0338

*Counsel for Defendant*

Dated: August 21, 2008

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

_____

**RICHARD T. FORD,**                                )
                                                    )
                                                    )  CA No.:  1:08-CV-00507 (JR)
     Plaintiff,                            )
     v.                                    )
                                                    )
**DR. DONALD C. WINTER**                            )
**Secretary of the Navy**                           )
     Defendant.                            )
_____  )

## ORDER

Considering the parties' joint motion for an extension of the discovery period, it is hereby

**ORDERED** that the Motion be **GRANTED** and that discovery be extended 60 days nunc pro tunc to August 15, 2008 and it is further

**ORDERED** that discovery close on October 15;  Dispositive motions are due by October 31;  Pre-trial the week of November 17 and Trial the week of December 16.

_____
Hon. James Robertson